IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL DIXON      *
     *
     *
v.      *    Civil No. – JFM-13-1926
     *    JFM-13-1944
FOOT LOCKER, INC., ET AL.      *
******

## MEMORANDUM

Plaintiff has instituted these consolidated actions against Foot Locker, Inc. and NIKE USA, Inc. Plaintiff is appearing *pro se*. Discovery is closed, and each defendant has filed a motion for summary judgment.[1] The motions will be granted.

Plaintiff's essential claim is that he purchased NIKE sneakers from Foot Locker believing that they were proper for use in playing basketball and that on the first occasion that he used them, he slipped and seriously injured his knee and leg. As reflected in the papers that he has filed, plaintiff is quite articulate. He does not, however, understand the legal system, particularly the duty that he is under to present evidence in response to a summary judgment motion reflecting that he can prove each of the elements of his claims. *See Runnebaum v. NationsBank of Maryland, N.A.*, 123 F.3d 156, 163 (4th Cir. 1997).

Here, plaintiff has not hired an expert prepared to testify that it was a defect in the sneakers purchased by plaintiff or that any defect was the proximate cause of his fall. Expert testimony is necessary because slips and falls in the game of basketball, some of which lead to

---

[1] Plaintiff has filed a "motion to compel a discovery response," seeking to depose Rule 30(b)(6) witnesses offered by defendants. Discovery, however, has been closed, and plaintiff's motion will be denied. The motion was filed two months after this court summarily denied plaintiff's efforts to depose chief executive officers of defendants. Self-evidently, plaintiff's request to depose the chief executive officers was improper since plaintiff proffered nothing to show that their testimony would add anything to the case. It was in response to plaintiff's request to depose the chief executive officers that defendants offered Rule 30(b)(6) witnesses, and plaintiff did not seek to follow up on that offer until discovery was closed.

serious injury, are not uncommon. Therefore, it cannot be inferred from the nature of the accident or from any circumstantial evidence that an alleged defect in the sneakers was the proximate cause of plaintiff's injuries. *See generally Parker v. Allentown, Inc.*, 891 F. Supp. 2d 773, 780 (D. Md. 2012).

A separate order granting the motions for summary judgment filed by defendants is being entered herewith.

Date: 0/08 5 2014

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 OCT -8 PM 3: 04

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY